IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DAYTON WADDY,

    Petitioner,

v.                                                              Civil Action No. **3:17CV802**

**WARDEN, FCI PETERSBURG,**

    Respondent.

## MEMORANDUM OPINION

Dayton Waddy, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition. ("§ 2241 Petition," ECF No. 1.)[1] The Government filed a Motion to Dismiss. (ECF No. 9.) For the reasons set forth below, the Government's Motion to Dismiss will be GRANTED and the § 2241 Petition will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction.

### I. Procedural History

On March 10, 2015, in this Court, Waddy pled guilty to one count of possession with the intent to distribute twenty-eight grams or more of cocaine base. *See* Plea Agreement, *United States v. Waddy*, No. 3:15CR14 (E.D. Va. filed Mar. 10, 2015), ECF No. 19. The Presentence Report ("PSR") prepared before sentencing found Waddy to be a career offender under § 4B1.2 of the

---

[1] The statute provides, in pertinent part:

(c) The writ of habeas corpus shall not extend to a prisoner unless--
    (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
    (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
    (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C.A. § 2241(c)(1)–(3).

United States Sentencing Guidelines because he had two prior controlled substance offenses. *See id.* PSR ¶ 21, ECF No. 28. Although the applicable advisory guidelines range was 188 to 235 months of incarceration, *see id.* PSR ¶ 77, on June 1, 2015, the Court sentenced Waddy to 144 months. *See id.* J. 2, ECF No. 35. Waddy did not appeal nor did he file a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence with the Court.

In his § 2241 Petition, Waddy challenges his sentence based on the career offender guidelines. (*See* ECF No. 1, at 4.)[2] Waddy raises the following claim for relief:

Claim One: "In light of *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016), Petitioner is not a career offender because his prior New York drug conviction used as a predicate is not a 'controlled substance offense.'" (*Id.*)

More specifically, Waddy argues that his career offender sentence is improper because his prior conviction of criminal possession of 12 ounces of cocaine, in violation of N.Y. Penal Law § 220.16(1), no longer qualifies as a valid predicate "controlled substance offense" under § 4B1.2(b). (ECF No. 1-1, at 10–14.) In essence, Waddy contends that N.Y. Penal Law § 220.16 is an "indivisible statute" defining one crime, and thus, requires the categorical approach delineated in *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). (*Id.* at 10–14.) As discussed below, Waddy fails to demonstrate that he may use § 2241 to obtain relief.

II.     **Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241**

A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system for citations to Waddy's submissions.

2

U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[3] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his or her conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The Fourth Circuit recently expanded the longstanding "controlling test," *id.*, as follows:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

---

[3] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (citations omitted), *cert. denied*, 138 S. Ct. 1318 (2019).[4]

### III. Analysis of Waddy's 28 U.S.C. § 2241 Petition

Here, Waddy challenges the legality of his sentence. Waddy fails to satisfy the second prong of *Wheeler*. Specifically, Waddy fails to demonstrate that the "settled substantive law changed and was deemed to apply retroactively on collateral review," and, that, "due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018.) Waddy suggests that *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016), entitles him to relief on his sentence because the New York prior drug offense used to designate him a career offender is invalid under *Mathis*.[5] He is incorrect. As the Fourth Circuit has explained with respect to *Mathis* and *Descamps v. United States*, 570 U.S. 254 (2013):

> *Descamps* and *Mathis* did not announce a retroactively applicable substantive change in the law. Rather, these cases reiterated and clarified the application of the categorical approach or modified categorical approach, to determine whether prior convictions qualify as predicates for recidivist enhancements. *See Mathis*, 136 S. Ct. at 2257 ("Our precedents make this a straightforward case."); *Descamps*, 570

---

[4] Until *Wheeler*, a petitioner was required to satisfy the following test and was unable to challenge his sentence:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (emphasis added).

[5] In *Mathis*, the Supreme Court held that a state burglary conviction from Iowa could not serve as a predicate conviction for purposes of the Armed Career Criminal Act sentencing enhancement, pursuant to 18 U.S.C. § 924(e), because it covered a "greater swath of conduct" than generic burglary. 136 S. Ct. 2250–51.

U.S. at 260 (noting that Court's prior case law explaining categorical approach "all but resolves this case"); *United States v. Royal*, 731 F.3d 333, 340 (4th Cir. 2013) ("In *Descamps*, the Supreme Court recently clarified whe[n] courts may apply the modified categorical approach.").

*Brooks v. Bragg*, 735 F. App'x 108, 109 (4th Cir. 2018) (parallel citations omitted); *accord Copeland v. Kassell*, 733 F. App'x 717, 717 (4th Cir. 2018) (explaining that Petitioner "fails to satisfy the test in *Wheeler*, because *Mathis* has not been deemed to apply retroactively to cases on collateral review" (citing *Dimmott v. United States*, 881 F.3d 232, 234 (1st Cir. 2018))); *Smalls v. Warden FMC Butner*, No. 5:17–HC–2117–FL, 2019 WL 722571, at *3 (E.D.N.C. Feb. 20, 2019). "Because [Waddy's] § 2241 Petition does not rely on a retroactively applicable change in the substantive law subsequent to his direct appeal and his first § 2255 motion, he cannot satisfy the requirement of *Wheeler*." *Brooks*, 735 F. App'x at 109.[6]

---

[6] Even if Waddy were able to demonstrate that he met the first three prongs of *Wheeler*, he would not be able to meet the fourth prong. The fourth prong requires a showing that due to a retroactive change in the law, Waddy's sentence "now presents an error sufficiently grave to be deemed a fundamental defect." *Wheeler*, 886 F.3d at 429. The Fourth Circuit has concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-*United v. Booker*, 543 U.S. 220, 245 (2005), when the Sentencing Guidelines were mandatory. *Lester v. Flournoy*, 909 F.3d 708, 715 (4th Cir. 2018). The Fourth Circuit, however, explicitly noted that if Lester had been sentenced under the post-*Booker* advisory Sentencing Guidelines, his petition would be barred as failing to meet the fourth prong of *Wheeler*. *Id.* at 715. The Court explained:

> In [*United States v.* ]*Foote*[, 784 F.3d 931 (4th Cir. 2015)], we said a prisoner couldn't challenge a trial court's misapplication of the advisory Guidelines under § 2255. 784 F.3d at 932. The government is correct that in *Foote*, we distinguished a misapplied career offender enhancement from fundamental defects such as "sentences issued 'in excess of the maximum authorized by law.'" *Id.* at 942 (quoting 28 U.S.C. § 2255(a)). But crucial to our analysis in *Foote* was that the petitioner, unlike Lester, was sentenced after *Booker* had rendered the Guidelines purely advisory. Because the Guidelines lacked legal force, we explained, an erroneous advisory Guidelines classification was unlike a violation of a statute or constitutional provision. *Id.* at 942; *see Wheeler*, 886 F.3d at 422 n.9 (distinguishing *Foote*).
>
> *Foote* undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines. But *Foote* simply doesn't apply to a petitioner sentenced in the pre-*Booker* era. Indeed, we denied the petitioner's claim in *Foote* partly on the grounds that, because he was sentenced under the advisory Guidelines, the

5

## IV. Conclusion

Because Waddy fails to demonstrate that the "settled substantive law changed and was deemed to apply retroactively on collateral review," *Wheeler*, 886 F.3d at 429, he may not proceed by § 2241. Accordingly, the Government's Motion to Dismiss (ECF No. 9) will be GRANTED.[7] Waddy's § 2241 Petition (ECF No. 1) will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction.

Date: 8 August 2019
Richmond, Virginia

/s/ _____
John A. Gibney, Jr.
United States District Judge

---

district court not only had the discretion to decide whether the Guidelines sentence was justified, but in fact was required to do so. *Foote*, 784 F.3d at 941–42; *see* 18 U.S.C. § 3553(a) (requiring individualized analysis of sentencing factors). That discretion is what the district court lacked at Lester's sentencing because, at that time, the Guidelines were mandatory.

*Lester*, 909 F.3d at 715 (emphasis added); *see Payton v. Entzell*, No. 2:18CV48, 2019 WL 2578770, at *2–3 (N.D. W. Va. June 24, 2019) (holding that petitioner challenging career offender sentence under advisory guidelines fails to satisfy the fourth *Wheeler* prong). Waddy was sentenced in 2015 and under the advisory Guidelines. Thus, he cannot meet the fourth prong of *Wheeler*.

[7] Because Waddy fails to satisfy the second or fourth prong of *Wheeler*, the Court need not reach the Government's initial argument about *Mathis*'s applicability to N.Y. Penal Law § 220.16.